IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CR3010 |
| | ) | |
| v. | ) | |
| | ) | |
| SALOME GEE PEREZ, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

The defendant wants me to reduce his sentence under the amended and retroactive "crack" Guidelines, but he also wants me to go below the 67-month sentence those Guidelines would otherwise dictate. He wants an evidentiary hearing to boot. The government agrees that I should reduce the sentence to 67 months, a low-end sentence following Sentencing Commission methodology, but objects to any lesser sentence.

According to one commentator, "[Eighth Circuit] Judge Riley labeled the Supreme Court's recent guidelines opinions 'incoherent'" at a recent seminar.[1] If Judge Riley said that, I heartily second his thoughts.[2] What is even more difficult is to know how one should apply those tangled opinions to the amended "crack" Guidelines. Nevertheless, the Federal Public Defender for the District of Nebraska wants to push the envelope. Thus, I have to try.

---

[1] Comment of Bob Batey responding to Douglas A. Berman, *Seeking any and all reports from USSC conference* (May 23, 2008), *available at* http://sentencing.typepad.com/sentencing_law_and_policy/2008/05/seeking-any-and.html#comments.

[2] *See* Richard G. Kopf, *The Top Ten Things I Learned From Apprendi, Blakely, Booker, Rita, Kimbrough and Gall*, Ohio State Journal of Criminal Law (Jan. 2008), *available at* http://osjcl.blogspot.com (under *OSJCL Amici: Views from the Field*).

Initially, I deny the defendant's motion for a sentence reduction below the otherwise applicable amended and retroactive "crack" Guidelines. I also deny the defendant's motion for an evidentiary hearing.

Second, considering the parties' briefs (filings 122 & 123), the original presentence report and sentencing recommendation (filings 69 & 70), and the retroactive sentencing worksheet (filing 120), I will give the defendant his due—a reduced sentence of 67 months pursuant to the methodology set out by the Sentencing Commission for application of the amended and retroactive "crack" Guidelines. I have not the slightest idea whether the Supreme Court's recent sentencing opinions apply in this circumstance. In any event, and ever the skeptic, I conclude that it is not up to me to create new law by expanding the scope of those opinions to cover these types of cases. Cf. *United States v. Peters*, 524 F.3d 905, 906-07 (8th Cir. 2008) ("In considering a reduction to a defendant's term of imprisonment under § 3582(c)(2), the district court must determine the guidelines range as if the relevant amendment had been in place at the time of the original sentencing, and it may consider only the retroactive amendment in determining the amended guidelines range."). If the defendant thinks *Gall* and *Kimbrough* and the others apply, he should take his case to the Court of Appeals and the Supreme Court.[3]

Third, even if I took every factual detail the defendant sets forth in his brief as true, the proper sentence would still be 67 months under section 3553(a). Given that the defendant's original Guidelines range was 100 to 125 months, the defendant's criminal history category was IV, the defendant received a sentence of 100 months, the defendant received a Rule 35 reduction to 80 months, and the statutory minimum sentence is 60 months, a bunch of flowery language in the Federal Public Defender's brief keying on the fact that the defendant completed drug education while in prison is not enough to warrant a minimum sentence, a category properly reserved for those

---

[3]In fact, I urge the Federal Public Defender to do so.

who are the least culpable and who have better criminal history scores. In particular, I conclude that any sentence less than 67 months for this defendant would create unwarranted disparities for those individuals who are plainly less culpable and whose criminal histories are less severe.

Fourth, there is nothing in the defendant's brief that would cause me to hold an evidentiary hearing *assuming* such a hearing might be appropriate under certain circumstances. Taking all the statutory goals of sentencing into account, and assuming the veracity of the facts (not conclusions) set forth in the defendant's brief, a sentence of 67 months is just fine and an evidentiary hearing would waste time.[4]

IT IS ORDERED that the defendant's motion (filing 106) to the extent it requests a sentence of less than 67 months, an evidentiary hearing, and physical presence of the defendant prior to the reduction of sentence is denied. Otherwise, the motion (filing 106) is granted as more specifically shown by the "Order Regarding Motion for Sentence Reduction" (AO Form 247) filed contemporaneously herewith, and the defendant is awarded a reduction of his prison sentence to 67 months.

DATED this 4th day of June, 2008.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

[4] There is also no reason why the defendant needs to be present when I reduce his sentence to the low end.